IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
: CRIMINAL ACTION
v. :
: No. 1:11-cr-239-31-CAP-ECS
VICTOR MANUEL ANGUIANO-GUTIERREZ :
*a/k/a* Brujo :
*a/k/a* Juan Castinanda :
:
:

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-captioned matter is before the Court on a number of motions, all of which are ready for a Report and Recommendation to the District Judge. The recommendations are set forth below:

**I.**

First, as to the motions to suppress evidence, [Docs. 353, 465], the undersigned **RECOMMENDS** that these motions be **DENIED**. At the pre-trial conference on October 25, 2011, the undersigned granted Defendant until November 4, 2011, to particularize Doc. 353. On November 4, 2011, Defendant filed Doc. 465. The particularized motion to suppress challenges a search warrant and seeks a hearing under Franks v. Delaware, 438 U.S. 154 (1978). The particularized motion, however, does not attach the warrant or warrant affidavit and does not allege with any particularity or specificity the justification for a hearing under Franks. "To attack the veracity of a warrant affidavit, a defendant must make a preliminary showing

that the affiant made intentional misstatements or omissions (or made misstatements with a reckless disregard for their truthfulness) that were essential to the finding of probable cause." United States v. Burston, 159 F.3d 1328, 1333 (11th Cir. 1998). Defendant has failed to make this preliminary showing, and the motions, [Docs. 353, 465], therefore, should be **DENIED**. See also United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) ("[T]he motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing.").

**II.**

As for the motions to suppress intercepted communications, [Docs. 355, 464], these motions should likewise be **DENIED**. At the October 25, 2011, pre-trial conference, Defendant was granted until November 4, 2011, to particularize the motion. The particularized motion, however, still fails to state with any particularity any legal or factual basis for suppression of any wiretap or for an evidentiary hearing under Franks. The motions, [Docs. 355, 464], therefore, should be **DENIED**.

AO 72A
(Rev.8/82)

**III**.

Defendant's motions to suppress statements and for Jackson v. Denno[1] hearing, [Docs. 354, 463], came on for a hearing February 7, 2012. The transcript of the hearing was filed on February 24, 2012, [563].[2] Defendant was given until March 5, 2012, to file his brief in support of the motions to suppress statements. [Doc. 541]. Thereafter, Defendant's counsel advised the Court that he would not be filing a brief in support of the motion. Defendant's counsel did not expressly state that he was abandoning the motions. But, based upon Defendant's failure to file a brief making any arguments for suppression of any statements that Defendant may have made, the undersigned deems the motions, [Docs. 354, 463], **ABANDONED** or **WITHDRAWN**.[3] Cf. United States v. Bullock, 590 F.2d 117, 120 (5th Cir. 1979).[4]

---

[1] 378 U.S. 368 (1964).

[2] The transcript of the hearing is hereinafter abbreviated as "[T. (page)]."

[3] In addition, a review of the transcript of the testimony shows that Defendant was read his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and knowingly, intelligently and voluntarily waived them. There also is no evidence that his statement made on June 8, 2011, after waiver of his rights, was involuntary or coerced. See [T. 4, 13-17, 28-29].

[4] In the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

**IV.**

Finally, the undersigned concludes that the motions to sever, [Docs. 451, 462], should also be **DENIED**. Again, as with the other motions, the undersigned gave Defendant until November 4, 2011, to particularize and Defendant filed a more particularized motion. [Doc. 462]. The particularized motion to sever, however, still makes no more than conclusory allegations of "spillover prejudice" allegedly resulting from being tried with more actively-involved co-defendants. See [Doc. 462, at 1-2].

Initially it bears noting that Defendant is properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. Indeed, Defendant makes no argument that initial joinder under Rule 8 was improper. See [Doc. 462]. As for severance based upon prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure, Defendant has not alleged sufficient facts or circumstances to show actual compelling prejudice, as required under the rule. See United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998) (citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)). Defendant argues "spillover prejudice," which is insufficient to warrant severance absent particularized facts indicating that the jury would be unable to follow appropriate limiting instructions. See United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993); see also United States v. Wasson, 568 F.2d 1214, 1222-23 (5th Cir. 1978).

4

Accordingly, the undersigned **RECOMMENDS** that the motions to sever, [Docs. 451, 462], be **DENIED**.

**V.**

In conclusion, **IT IS REPORTED AND RECOMMENDED** that: the motions to suppress, [Docs. 353, 465]; the motions to suppress intercepted communications, [Docs. 355, 464], and the motions to sever, [Docs. 451, 462], be **DENIED**, and that the motions to suppress statements, [Docs. 354, 463] be **DEEMED ABANDONED** and/or **WITHDRAWN**.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned as to this defendant, it is therefore **ORDERED** that this defendant be and is hereby **CERTIFIED** as ready for trial.[5]

**SO REPORTED AND RECOMMENDED**, this 9th day of May, 2012.

    s/ *E. Clayton Scofield*
    E. CLAYTON SCOFIELD III
    UNITED STATES MAGISTRATE JUDGE

---

[5] This Court observes that this defendant has been indicted with additional defendants and that matters pertaining to such co-defendants are still pending. Pursuant to 18 U.S.C. §3161 (h)(7) (the Speedy Trial Act), the time for commencing the trial of these defendants may be stayed until such time as all defendants have been certified ready for trial. Hence, it is not necessary to place the above-named defendant's case on the calendar for trial at this time.

AO 72A
(Rev.8/82)